687 A.2d 267

IN THE MATTER OF RAMON ORTIZ, AN ATTORNEY AT LAW.

January 22, 1997.

## ORDER

This matter having been presented to the Court pursuant to *Rule* 1:20–10(b) following a motion for discipline by consent of **RAMON ORTIZ** of **TEANECK,** who was admitted to the bar of this State in 1976;

And the Disciplinary Review Board and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent did not obtain a signed retainer agreement in a medical malpractice case, advanced personal funds of $500 to his client, grossly neglected the handling of the matter, failed to

communicate with his client, did not retain an expert and missed the statute of limitations, all in violation of *RPC* 1.1(a), *RPC* 1.3, *RPC* 1.4(a), *RPC* 1.5(b) and (c), *RPC* 1.8(e), and *RPC* 8.4(a);

And the parties having agreed that respondent's conduct violated *RPC* 1.1(a), *RPC* 1.3, *RPC* 1.4(a), *RPC* 1.5(b) and (c), *RPC* 1.8(e), and *RPC* 8.4(a) and that said conduct warrants a reprimand;

And the Disciplinary Review Board having reviewed the record pursuant to *Rule* 1:20–10(b)(3) to determine the appropriate measure of discipline for respondent's misconduct;

And the Disciplinary Review Board having determined that a reprimand is the appropriate sanction for respondent's ethics infractions and having granted the motion for discipline by consent;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **RAMON ORTIZ** is hereby reprimanded; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.